WILLIAM M. LE MOYNE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 17447, 34941. Promulgated February 14, 1929.

*Marvin Farrington, Esq.*, for the petitioner.
*Arthur Carnduff, Esq.*, for the respondent.

OPINION.

SIEFKIN: The respondent, in his answer, admits that he erred in adding to petitioner's income for 1921 the amount of $454.76 as set forth in petitioner's assignment of error. This should be deducted from gross income.

On his return for the year 1921 the petitioner claimed a deduction in the amount of $18,902.62 as a loss upon houseboats. At the time of taking the deposition in the case, the petitioner abandoned his claim to a deduction of $4,946.20 of that amount and confined his claim to the amount of $13,956.42, the amount which the evidence discloses was actually spent in 1921 on account of the boats. In his brief the petitioner also abandoned his claim for deduction on account of loss on boats in the years 1922, 1923, and 1925.

The evidence discloses that the expenditures were made on four of the total of five boats which petitioner had purchased for the purpose of converting them into house boats. The petitioner, himself, intended to occupy one of them as a dwelling and intended to rent the other three to his employees at a reasonable rental.

The petitioner testified that these boats, in spite of constant caulking of the hulls, continued to leak and that in the latter part of the year 1921, he finally determined that they could not be used as dwellings. He contends that this determination entitles him to a deduction for a loss sustained on the boats.

Section 214 (a) (4) of the Revenue Act of 1921 provides in part:

That in computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business.

Here the petitioner himself intended to occupy one of the boats as his private dwelling. It is obvious that with regard to the one boat he was going to occupy, the enterprise did not amount to a trade or business carried on by petitioner. The evidence does not show what portion of the total amount expended was for the boat to be occupied by petitioner, and we can not speculate upon what that amount was. This being true, the whole amount claimed as a deduction must be disallowed.

For the year 1922 the respondent disallowed as a deduction for rent the amount of $27,100 claimed by the petitioner to have been paid by him to the Park Fire Proof Storage Co. The respondent held that no rent was paid to the Park Fire Proof Storage Co., the amount of $27,100 being a book entry only. This action of the respondent was assigned as error.

The books of the Park Fire Proof Storage Co. show that each month during the year 1922, $1,500 was charged to the account of the Chicago Shipping & Storage Co., which the testimony showed really represented the rent account of Wm. M. LeMoyne, but the petitioner has not shown how much was paid during that year by or on behalf of the petitioner. The action of the respondent in disallowing the amount of $27,100 as a deduction is approved.

*Judgment will be entered under Rule 50.*